United States District Court
Southern District of Texas
ENTERED
August 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ALAN HAASE,<br>*Plaintiff*,<br><br>v.<br><br>HON. VERONICA RIVAS-MOLLOY, ET AL.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-CV-05063 |

**MEMORANDUM AND RECOMMENDATION**

Before the Court are Motions to Dismiss by Bank of America, N.A. ("Bank of America"), Deutsche Bank National Trust Company ("Deutsche Bank"), and Morgan Stanley ABS Capital I, Inc. ("Morgan Stanley").[1] ECF 16; ECF 40; ECF 44. For the reasons discussed below, the Court RECOMMENDS that the Motions be GRANTED.

## I. Factual and Procedural Background.

This lawsuit is part of a nearly two-decade dispute over a mortgaged property in Fort Bend County. ECF 8 at 6. Although a full factual and procedural history of this litigation is unnecessary, the Court briefly recounts the relevant background.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

Plaintiff alleges he executed a mortgage note and security instrument with non-party New Century Mortgage Corporation ("New Century") in 2006. *Id.* In 2008, New Century assigned its interest in the security instrument, but according to Plaintiff, not the note, to the Morgan Stanley ABS Capital I Inc. Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2006-HE6 ("Morgan Stanley Trust"), with Defendant Deutsche Bank as Trustee. *Id*. at 7.

Plaintiff's original loan servicer was non-party Countrywide Home Loans, Inc. ("Countrywide"). *Id.* Plaintiff claims that in 2011, Defendant Bank of America acquired Countrywide and became the servicer. *Id.* Plaintiff alleges that in 2007, the servicer began requesting payments above the typical monthly payment amount due to a dispute over homeowner's insurance. *Id.* at 7-8. Plaintiff claims to have timely resolved this issue, but the servicer continued to request monthly payments above the amount required by the note. *Id.* at 8. In November 2007, Plaintiff alleges Countrywide provided notice that it would no longer accept Plaintiff's payments and indicated its intent to accelerate the debt. *Id.* In response, Plaintiff filed a lawsuit against Countrywide and others in the 400th District Court of Texas. *See Haase v. Countrywide Home Loans, Inc.*, No. 07-DCV-161177 (400th Dist. Ct., Fort Bend County, Tex. Dec. 31, 2007).

Defendants to that 2007 lawsuit, including Bank of America and Deutsche Bank as Trustee on behalf of the Morgan Stanley Trust, removed the action to this

Court. The Court dismissed the claims against Bank of America and Morgan Stanley, granted partial summary judgment in favor of Deutsche Bank, and remanded the remaining claims to the 400th District Court. *Haase v. Countrywide Home Loans, Inc.*, No. CV H-12-1538, 2012 WL 12871951, at *1 (S.D. Tex. Dec. 5, 2012), *aff'd*, 748 F.3d 624 (5th Cir. 2014), *cert. denied*, 574 U.S. 1049 (2014).

Eventually, in 2015, Plaintiff "reasserted his claims in a *Ninth* Amended Petition." ECF 8 at 9 (emphasis added). Bank of America and Deutsche Bank again removed the case, which by then included several other defendants (including Judge Gray Miller, Judge E. Grady Jolly, and Justice Antonin Scalia). ECF 8 at 9. The Court dismissed Plaintiff's claims with prejudice as frivolous, but remanded Deutsche Bank's counterclaim to the 400th District Court. *Haase v. Countrywide Home Loans, Inc.*, No. CV H-15-3349, 2016 WL 639232, (S.D. Tex. Jan. 22, 2016), *report and recommendation adopted,* No. CV H-15-3349, 2016 WL 633911 (S.D. Tex. Feb. 17, 2016).

In 2019, Judge Jaramillo-Perez granted summary judgment on the counterclaim in favor of Deutsche Bank. ECF 8 at 9; *Haase v. Countrywide Home Loans, Inc.*, No. 07-DCV-161177 (400th Dist. Ct., Fort Bend County, Tex. Feb. 20, 2019). In 2021, Judge Carter granted Deutsche Bank's nunc pro tunc motion, allowing judicial foreclosure to proceed. *Haase v. Countrywide Home Loans, Inc.*, No. 07-DCV-161177 (400th Dist. Ct., Fort Bend County, Tex. Nov. 8, 2021).

Plaintiff appealed the decisions along with other trial court rulings. ECF 8 at 9-10. A First Court of Appeals panel consisting of Defendants Justices Rivas-Molloy, Hightower, and Farris affirmed the 400th District Court's judgment. *Haase v. Deutsche Bank Nat'l Tr. Co.*, No. 01-20-00854-CV, 2023 WL 5535663 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023). Plaintiff sought further review, but the Supreme Court of Texas denied his petition. ECF 8 at 12; *Haase v. Deutsche Bank Nat'l Tr. Co.*, No. 23-1001, slip op. (Tex. May 10, 2024). Plaintiff then filed a petition with the U.S. Supreme Court, which similarly denied his petition. *Haase v. Deutsche Bank Nat'l Tr. Co.*, 145 S. Ct. 2754, *reh'g denied,* 146 S. Ct. 60 (2025).

Unhappy with the results and refusing to heed the warning of a prior Southern District of Texas decision,[2] Plaintiff sought further relief in this Court. Alleging wrongdoing in the course of the state-court proceedings, Plaintiff's Amended Complaint brings claims against all Defendants for violations of the following: 42

---

[2] In a lawsuit outside the main line of cases but still directly concerning Plaintiff's mortgage, Plaintiff sued a litany of financial instructions, government actors, and federal judges in state court; the action was removed. *Haase v. Bank of Am. Corp.*, No. 4:16-CV-1567, 2017 WL 1240105 (S.D. Tex. Feb. 8, 2017). Judge Alfred Bennett dismissed all claims with prejudice but denied a motion to declare Plaintiff a vexatious litigant because the Court found Plaintiff was not aware of the meritless nature of his claims. Judge Bennett warned Plaintiff:

> Plaintiff should now realize that all claims brought in this litigation—or any new claims relating to this lawsuit, the 2007 litigation, or Plaintiffs home equity loan and the consequences of his alleged failure to make full payments under the loan—lack merit, and cannot be brought to this, or any other court, without a clear understanding by Mr. Haase that he is bringing a frivolous claim. Accordingly, the Court cautions Mr. Haase from additional meritless filings.

*Id.* at *6.

U.S.C. §§ 1983 and 1985 based on violations of the Supremacy Clause (U.S. CONST. art. VI, cl. 2), Contract Clause (*id.* art. I, § 10, cl. 1), the 7th Amendment's right to a jury trial (*id.* amend. VII), and the 14th Amendment's due process provision (*id.* amend. XIV, § 1); the Texas Constitution's right to a jury trial (TEX. CONST. art. I, § 15), right to contract (*id.* art. I, § 16), right to due process (*id.* art. I, § 19), right to trial by jury in a civil case ((*id.* art. V, § 10), and homestead protections (*id.* art. XVI, §§ 50(a)(6)(Q)(x), 50(c)); the Texas law governing validity of unrecorded instruments (TEX. PROP. CODE § 13.001(a)); Texas standing laws; Texas statutes of limitations (TEX. CIV. PRAC. & REM. §§ 16.004(a), 16.0035(a), 16.0035(d), 16.0035(e)); the Texas Rules of Civil Procedure on judgment and recitation of judgment (TEX. R. CIV. P. 301, 306), and Texas laws on fraudulent court records and liens (TEX. CIV. PRAC. & REM. ch. 12). ECF 8 at 15. The Motions to Dismiss by Bank of America (ECF 16),[3] Deutsche Bank (ECF 40),[4] and Morgan Stanley (ECF

---

[3] Plaintiff filed a Response to Bank of America's Motion. ECF 38. Bank of America filed a Reply. ECF 39.

[4] Plaintiff did not file a Response to Deutsche Bank's Motion. Under Local Rules for the Southern District of Texas, the Court may construe Plaintiff's failure to respond as an indication the motion is unopposed. LOC. R. S.D. TEX. 7.4. However, it is not appropriate to grant a dispositive motion, such as a motion to dismiss, solely on that basis. *Marbley v. Teamster Loc. 988*, No. 4:22-CV-3396, 2023 WL 4713825, at *3 (S.D. Tex. July 24, 2023) (citing *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986) and *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012)), *aff'd,* No. 23-20360, 2024 WL 94307 (5th Cir. Jan. 9, 2024).

44)[5] all seek dismissal under 12(b)(1) and 12(b)(6).[6] The Motions are ripe for adjudication.

## II. Legal Standards.

### A. 12(b)(1) standards.

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. PCOrder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The Court may consider any of the following in resolving a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the

---

[5] Plaintiff filed a Response to Morgan Stanley's Motion (ECF 52), and Morgan Stanley filed a Reply. ECF 56. Plaintiff filed a Motion for Leave to File Surreply (ECF 57) and a Surreply. ECF 58. Morgan Stanley filed a Response in opposition to the Motion for Leave to File. ECF 59.

"[S]urreplies 'are heavily disfavored,' [and] it is within the sound discretion of the courts to grant or deny leave to file such additional briefing." *Mission Toxicology, LLC v. United Healthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (quoting *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam)). It is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought. *Glob. Tubing, LLC v. Tenaris Coiled Tubes, LLC*, 621 F. Supp. 3d 757, 760 n.2 (S.D. Tex. 2022) (quoting *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570–71 (W.D. Tex. 2019)). Additionally, a court acts within its discretion to deny a motion for leave to file a surreply when the non-moving party did not raise any new evidence or arguments in their reply. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Plaintiff argues that Morgan Stanley's Reply (ECF 56) contained misleading representations, which he seeks to correct via his Surreply (ECF 58). ECF 57. Without making a finding regarding the Reply's content, the Court grants the Motion for Leave in order to consider all briefing and argument on the Justices' Motion to Dismiss.

[6] Because the Court determines that it lacks subject matter jurisdiction over the claims, the Court does not reach the motion under Rule 12(b)(6). *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (explaining that where a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the jurisdictional attack first).

complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Hopkins v. Wayside Schs.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024); *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). When a Defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

## III. Analysis.

### A. The *Rooker-Feldman* bars Plaintiff's claims against Defendants Bank of America, Deutsche Bank, and Morgan Stanley.

Only the United States Supreme Court has "appellate authority 'to reverse or modify' a state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining what is known as the *Rooker-Feldman* doctrine) (internal citation omitted). The *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The Fifth Circuit, citing *Exxon*, 544 U.S. at 284, has identified the four elements necessary for application of the *Rooker-Feldman* bar: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review

and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citing *Exxon*, 544 U.S. at 284 and *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015)).

*Rooker-Feldman* bars civil rights claims that are "'inextricably intertwined" with a state-court judgment even though a plaintiff does not request direct review and reversal of the prior judgment. *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 318 (5th Cir. 1994). Plaintiffs cannot avoid the *Rooker-Feldman* doctrine through artful pleading. *Id.* at 317 (holding plaintiffs cannot "[cast] a complaint in the form of a civil rights action . . . [to] circumvent [the *Rooker-Feldman*] rule."); *see also Heimlich v. United States*, No. 4:23-CV-3951, 2025 WL 976599, at *4 (S.D. Tex. Mar. 28, 2025) ("[M]aking conclusory allegations of civil rights or federal constitutional violations alone is insufficient to overcome the *Rooker-Feldman* bar to jurisdiction."). Constitutional questions arising in state proceedings must be resolved by the state courts and corrected, if necessary, by the appropriate state appellate court, with further recourse limited solely to an application for a writ of certiorari to the Supreme Court. *Liedtke*, 18 F.3d at 317.

Despite insisting this case is not a collateral attack on a state-court judgment (ECF 38 at 2, 5-6; ECF 52 at 4-5; ECF 58 at 5-7), Plaintiff spends half of the Amended Complaint (ECF 8 at 6-13, 16-22, 31-35) and portions of his briefs in opposition to the Motions to Dismiss (ECF 38; ECF 52; ECF 58) discussing alleged

flaws in the state trial and appeals court proceedings. Plaintiff's allegations regarding the conduct of Bank of America, Deutsche Bank, and Morgan Stanley all relate to the prior state-court actions: refusal to provide standing discovery (ECF 8 at 16), previously adjudicated breach of contract (*id.* at 22-25, 30), having their summary judgment motion improperly granted (*id.* at 27), conspiring with Texas judges and justices to violate Plaintiff's civil rights during the prior state court actions (*id.* at 28, 37), manipulating a final order and plaintiff's right of appeal by filing nunc pro tunc motions (*id*. at 32), and filing an improper counterclaim (*id.* at 38). All three Defendants argue that these claims are barred by *Rooker-Feldman* because they would require overturning or examining the validity of state court judgments. ECF 16 at 6-7; ECF 40 at 5-6; ECF 44 at 9-10.

At the trial level, the state court found in favor of Deutsche Bank as Trustee for the Morgan Stanley operated Trust and the Court of Appeals affirmed, so Plaintiff is a state court loser. *See Haase v. Countrywide Home Loans, Inc.*, No. 07-DCV-161177 (400th Dist. Ct., Fort Bend County, Tex. Nov. 8, 2021); *Haase v. Deutsche Bank Nat'l Tr. Co.*, No. 01-20-00854-CV, 2023 WL 5535663 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023). As the Court of Appeals opinion explains, Plaintiff initiated the state-court action against Countrywide, and later its successor Bank of America, and then added Deutsche Bank, as Trustee for the Morgan Stanley Trust, and Defendant Morgan Stanley. *Id.* at *2-3. Deutsche Bank filed a

counterclaim seeking to authorize judicial foreclosure of the property. *Id.* This Court dismissed most of the claims against Defendants, and in 2019, the state court granted summary judgment in favor of Deutsche Bank, allowing the judicial foreclosure to go forward. *Id.* at *4-5. In 2023, the Court of Appeals affirmed the trial court and refused to reinstate the claims previously dismissed in the 2016 federal case. *Id.* at *13.

All conduct alleged in the Amended Complaint occurred during the course of or in relation to the prior state court proceedings. Although Plaintiff does not directly request reversal of the state court judgments, in order to find Defendants liable, the Court would have to examine the validity of the trial court's summary judgment and nunc pro tunc orders and the Court of Appeals' decision. *See Kelley v. Texas Workforce Comm'n*, No. CIV A H-08-1396, 2008 WL 4724428, at *3 (S.D. Tex. Oct. 24, 2008) (explaining that a suit is inextricably intertwined with a previous state court proceeding where "it requires this Court to examine the validity of the state courts' judgments."). Tellingly, Plaintiff's requested relief, free and clear ownership of the property, is directly at odds with the state court rulings. ECF 8 at 42-43. Furthermore, any violations of Plaintiff's civil rights in the state court proceedings should have been raised before the state court. *Riley v. Louisiana State Bar Ass'n*, 214 F. App'x 456, 459 (5th Cir. 2007). Indeed, as detailed above, Plaintiff sought relief, including petitioning the Texas and U.S. Supreme Courts, but his petitions

were denied. This Court lacks jurisdiction under the *Rooker-Feldman* doctrine and must dismiss Plaintiff's claims against Bank of America, Deutsche Bank, and Morgan Stanley. *See Haase v. Countrywide Home Loans, Inc.*, No. CV H-15-3349, 2016 WL 639232, at *2–3 (S.D. Tex. Jan. 22, 2016) (dismissing Plaintiff's similar claims against same group of defendants, partially due to *Rooker-Feldman*), *report and recommendation adopted,* No. CV H-15-3349, 2016 WL 633911 (S.D. Tex. Feb. 17, 2016).

**B. The Court should sua sponte dismiss Plaintiff's claim against Defendant Certificate Holders.**

Plaintiff brings claims against both Defendant Morgan Stanley and the Certificate Holders of the Morgan Stanley Trust. ECF 8 at 7. Morgan Stanley's Motion to Dismiss was on its behalf only (ECF 44), and the Defendant Certificate Holders have not appeared even though they were served. ECF 22. Plaintiff alleges the Certificate Holders are either the lender, servicer, or holder of the security interest in the property. ECF 8 at 6-7. Plaintiff brings all claims against all Defendants (*id.* at 15), and the Certificate Holders are allegedly linked to the mortgage and loan, so relief against them would have the same effect on the state court judgements discussed above. Therefore, the Court must dismiss claims against the Certificate Holders due to lack of jurisdiction. *See Klekotka v. Winfree*, No. 4:11-CV-03820, 2012 WL 1113948, at *1 (S.D. Tex. Mar. 30, 2012) (explaining the court can raise *Rooker-Feldman* sua sponte because federal courts are duty-bound to

determine the basis of their jurisdiction) (citing *Union Planters Bank Nat'l Ass'n v. Salih,* 369 F.3d 457, 460 (5th Cir.2004)).

**C. Dismissal should be with prejudice and without leave to amend.**

Bank of America, Deutsche Bank, and Morgan Stanley all request dismissal be with prejudice. ECF 16 at 13; ECF 40 at 9; ECF 44 at 10. Dismissal with prejudice is appropriate when a plaintiff has had an opportunity to state his best case and still cannot establish a cause of action. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (affirming dismissal with prejudice where plaintiffs had multiple chances to amend their complaint). *See also Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (establishing the best-case rule and noting that a plaintiff is more likely to have pleaded his best case when he is aware of pleading requirements).

Plaintiff has had the chance to amend his complaint, and the Court already disallowed further amendment. ECF 1; ECF 8; ECF 61. Plaintiff has pleaded his best case and his Amended Complaint should be dismissed with prejudice. *See Williams v. X Corp.*, No. 4:25-CV-1084-P, 2026 WL 885208, at *4 n.4 (N.D. Tex. Mar. 16, 2026) (dismissing with prejudice where Court gave plaintiff opportunity to amend prior to considering the motion to dismiss), *report and recommendation adopted*, No. 4:25-CV 01084-P, 2026 WL 885048 (N.D. Tex. Mar. 31, 2026).

Similarly, although leave to amend should be freely given (FED. R. CIV. P. 15(a)(2)), it can also be denied for an appropriate reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further amendment would be futile due to the jurisdictional bar to Plaintiff's claims.

## IV. Conclusion, Order, and Recommendation.

For the reasons stated above, it is

ORDERED that Plaintiff's Motions for Leave to File Surreply (ECF 57) is GRANTED.

Further, in accordance with the reasons stated above, the Court RECOMMENDS that Bank of America's Motion to Dismiss (ECF 16), Deutsche Bank's Motion to Dismiss (ECF 40), and Morgan Stanley's Motion to Dismiss (ECF 44) be GRANTED and the claims against those Defendants be DISMISSED WITH PREJUDICE for lack of jurisdiction. The Court also RECOMMENDS that the claims against the Certificate Holders of the Morgan Stanley Trust be DISMISSED WITH PREJUDICE sua sponte for lack of jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file

written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 04, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge