United States District Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ALAN HAASE, *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-05063 |
| | § | |
| HON. VERONICA RIVAS-MOLLOY, ET AL., *Defendants*. | § | |

# MEMORANDUM AND RECOMMENDATION

Before the Court are Motions to Dismiss by Defendant Justices Veronica Rivas-Malloy, Richard Hightower, and April Farris (the "Justices") and by Defendant Judges Maggie Jaramillo-Perez and Tameika Carter (the "Judges").[1] ECF 12; ECF 32. For the reasons discussed below, the Court RECOMMENDS that Defendants' Motions (ECF 12; ECF 32) be GRANTED.

## I. Factual and Procedural Background.

This lawsuit is part of a nearly two-decade dispute over a mortgaged property in Fort Bend County. ECF 8 at 6. Although a full factual and procedural history of this litigation is unnecessary, the Court briefly recounts the relevant background.

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

Plaintiff alleges he executed a mortgage note and security instrument with non-party New Century Mortgage Corporation ("New Century") in 2006. *Id.* In 2008, New Century assigned its interest in the security instrument, but according to Plaintiff, not the note, to Morgan Stanley ABS Capital Trust I Inc. Trust 2006-HE6, Mortgage Pass Through Certificates, Series 2006-HE6, ("Morgan Stanley Trust") with Defendant Deutsche National Bank & Trust Company as Trustee ("Deutsche Bank"). *Id*. at 7.

Plaintiff's original loan servicer was non-party Countrywide Home Loans, Inc. ("Countrywide"). *Id.* Plaintiff claims that in 2011, Defendant Bank of America, N.A. ("Bank of America") acquired Countrywide and became the servicer. *Id.* Plaintiff alleges that in 2007, the servicer began requesting payments above the typical monthly payment amount due to a dispute over homeowner's insurance. *Id.* at 7-8. Plaintiff claims to have timely resolved this issue, but the servicer continued to request monthly payments above the amount required by the note. *Id.* at 8. In November 2007, Plaintiff alleges Countrywide provided notice that it would no longer accept Plaintiff's payments and indicated its intent to accelerate the debt. *Id.* In response, Plaintiff filed a lawsuit against Countrywide and others in the 400th District Court of Texas. *See Haase v. Countrywide Home Loans, Inc.*, No. 07-DCV-161177 (400th Dist. Ct., Fort Bend County, Tex. Dec. 31, 2007).

Defendants to that 2007 lawsuit, including Bank of America and Deutsche Bank as Trustee on behalf of the Morgan Stanley Trust, removed the action to this Court. The Court dismissed the federal claims and remanded the remaining state-law claims to the 400th District Court. *Haase v. Countrywide Home Loans, Inc.*, No. CV H-12-1538, 2012 WL 12871951, at *1 (S.D. Tex. Dec. 5, 2012), *aff'd*, 748 F.3d 624 (5th Cir. 2014), *cert. denied*, 574 U.S. 1049 (2014).

Eventually, in 2015, Plaintiff "reasserted his claims in a *Ninth* Amended Petition." ECF 8 at 9 (emphasis added). Bank of America and Deutsche Bank again removed the case, which by then included several other defendants (including Judge Gray Miller, Judge E. Grady Jolly, and Justice Antonin Scalia). ECF 8 at 9. The Court dismissed Plaintiff's claims with prejudice as frivolous, but remanded Deutsche Bank's counterclaim to the 400th District Court. *Haase v. Countrywide Home Loans, Inc.*, No. CV H-15-3349, 2016 WL 639232, (S.D. Tex. Jan. 22, 2016), *report and recommendation adopted,* No. CV H-15-3349, 2016 WL 633911 (S.D. Tex. Feb. 17, 2016).

In 2019, Judge Jaramillo-Perez granted summary judgment on the counterclaim in favor of Deutsche Bank. ECF 8 at 9; *Haase v. Countrywide Home Loans, Inc.*, No. 07-DCV-161177 (400th Dist. Ct., Fort Bend County, Tex. Feb. 20, 2019). In 2021, Judge Carter granted Deutsche Bank's nunc pro tunc motion, allowing judicial foreclosure of the property to proceed. *Haase v. Countrywide*

*Home Loans, Inc.*, No. 07-DCV-161177 (400th Dist. Ct., Fort Bend County, Tex. Nov. 8, 2021). Plaintiff appealed the decisions along with other trial court rulings. ECF 8 at 9-10. A First Court of Appeals panel consisting of the Defendant Justices affirmed the 400th District Court's judgment. *Haase v. Deutsche Bank Nat'l Tr. Co.*, No. 01-20-00854-CV, 2023 WL 5535663 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023). Plaintiff sought further review, but the Supreme Court of Texas denied his petition. ECF 8 at 12; *Haase v. Deutsche Bank Nat'l Tr. Co.*, No. 23-1001, slip op. (Tex. May 10, 2024). Plaintiff then filed a petition with the U.S. Supreme Court, which similarly denied his petition. *Haase v. Deutsche Bank Nat'l Tr. Co.*, 145 S. Ct. 2754, *reh'g denied,* 146 S. Ct. 60 (2025).

Unhappy with the results and refusing to heed the warning of a prior Southern District of Texas decision,[2] Plaintiff sought further relief in this Court. Based on allegations of wrongdoing during the state-court proceedings (*see generally* ECF 8),

---

[2] In another lawsuit concerning Plaintiff's mortgage, Plaintiff sued a litany of financial instructions, government actors, and federal judges in state court; the action was removed. *Haase v. Bank of Am. Corp.*, No. 4:16-CV-1567, 2017 WL 1240105 (S.D. Tex. Feb. 8, 2017). Judge Alfred Bennett dismissed all claims with prejudice but denied a motion to declare Plaintiff a vexatious litigant because the Court found Plaintiff was not aware of the meritless nature of his claims. Judge Bennett warned:

> Plaintiff should now realize that all claims brought in this litigation—or any new claims relating to this lawsuit, the 2007 litigation, or Plaintiffs home equity loan and the consequences of his alleged failure to make full payments under the loan—lack merit, and cannot be brought to this, or any other court, without a clear understanding by Mr. Haase that he is bringing a frivolous claim. Accordingly, the Court cautions Mr. Haase from additional meritless filings.

*Id.* at *6.

Plaintiff brings claims against all Defendants for violations of the following: 42 U.S.C. §§ 1983 and 1985 based on violations of the Supremacy Clause (U.S. CONST. art. VI, cl. 2), Contract Clause (*id.* art. I, § 10, cl. 1), the 7th Amendment's right to a jury trial (*id.* amend. VII), and the 14th Amendment's due process provision (*id.* amend. XIV, § 1); the Texas Constitution's right to a jury trial (TEX. CONST. art. I, § 15), right to contract (*id.* art. I, § 16), right to due process (*id.* art. I, § 19), right to trial by jury in a civil case ((*id.* art. V, § 10), and homestead protections (*id.* art. XVI, §§ 50(a)(6)(Q)(x), 50(c)); the Texas law governing validity of unrecorded instruments (TEX. PROP. CODE § 13.001(a)); Texas standing laws; Texas statutes of limitations (TEX. CIV. PRAC. & REM. §§ 16.004(a), 16.0035(a), 16.0035(d), 16.0035(e)); the Texas Rules of Civil Procedure on judgment and recitation of judgment (TEX. R. CIV. P. 301, 306), and Texas laws on fraudulent court records and liens (TEX. CIV. PRAC. & REM. ch. 12). ECF 8 at 15.

## II. Legal Standards.

### A. 12(b)(1) standards.

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. PCOrder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The Court may consider any of the following in resolving a Rule 12(b)(1) motion: (1) the complaint alone; (2) the

complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Hopkins v. Wayside Schs.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024); *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). When a defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

**B. 12(b)(6) standards.**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.

2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading, it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiff's claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

## III. Analysis.

### A. The Justices' Motion to Dismiss.

The Justices filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim. ECF 12. Plaintiff filed a Response (ECF 18), to which the Justices replied. ECF 26. Plaintiff moved for leave to file a surreply (ECF 47),[3] the Justices

[3] Plaintiff filed a Motion for Leave (ECF 48) and an Amended Motion for Leave (ECF 47). The Court considers the Amended Motion (ECF 47), and the original Motion (ECF 48) is terminated as moot.

filed a Response (ECF 49), and Plaintiff filed a Reply (ECF 53). The Court will consider Plaintiff's Surreply. ECF 47.[4]

As detailed above, Plaintiff brings claims against the Justices under 42 U.S.C. §§ 1983 and 1985 based on violations of the Supremacy Clause, Contract Clause, the 7th Amendment's right to a jury trial, and the 14th Amendment's Due Process clause, along with a slew of claims for violations of the Texas Constitution and various state laws. ECF 8 at 15, 35-36. Plaintiff stipulated in his Response that he either never pleaded or has abandoned his claims against the Justices in their official capacity. *See* ECF 18 at 24 ("Haase has not sued [the Justices] in their Official Capacity"); ECF 48 at 3. Therefore, the Court considers the claims against the Justices in their personal capacities.

[4] "[S]urreplies 'are heavily disfavored,' [and] it is within the sound discretion of the courts to grant or deny leave to file such additional briefing." *Mission Toxicology, LLC v. United Healthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (quoting *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014)). It is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought. *Glob. Tubing, LLC v. Tenaris Coiled Tubes, LLC*, 621 F. Supp. 3d 757, 760 n.2 (S.D. Tex. 2022) (quoting *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570–71 (W.D. Tex. 2019)). Additionally, a court acts within its discretion to deny a motion for leave to file a surreply when the non-moving party did not raise any new evidence or arguments in their reply. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Plaintiff argues that the Justices' Reply (ECF 26) contained misleading representations, which he seeks to correct via his Surreply (ECF 47). Without making a finding regarding the Reply's content, the Court grants the Motion for Leave in order to consider all briefing and argument on the Justices' Motion to Dismiss.

**1. Plaintiff's claims against the Justices are barred by judicial immunity.**

"A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). There are only two instances in which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted).

The Justices argue judicial immunity bars all Plaintiff's claims against them. ECF 12 at 7-8. Plaintiff argues the Justices are not entitled to judicial immunity because they were operating a conspiracy, which is a non-judicial act, and ruled in the absence of all jurisdiction. ECF 18 at 24-25.

**a. The Justices' alleged conduct was taken in their judicial capacity.**

The Fifth Circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy

centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in [her] official capacity." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir.1993)). "These factors are broadly construed in favor of immunity." *Id.* (citing *Malina*, 994 F.2d at1125).

Plaintiff alleges the Justices were on the panel assigned to hear his state-court appeal. ECF 8 at 11. He claims the Justices denied his request for oral argument and issued an opinion which included false representations that lacked record support. *Id.* Plaintiff also alleges the Justices disregarded his objections to the decision, denied his request for rehearing, and ignored his plea to jurisdiction. *Id.* at 12.

The Justices' alleged misconduct consists of archetypical judicial acts taken in the course of Plaintiff's appeal. *See Gonzales v. Janssen*, No. CV H-21-2580, 2021 WL 3639666, at *1 (S.D. Tex. Aug. 17, 2021) (noting that issuing a ruling is a judicial act); *Davis v. Andrews*, No. 4:23-CV-01491, 2024 WL 310215, at *3 (S.D. Tex. Jan. 26, 2024) (explaining that decisions on whether to hold hearings, address objections, or react to motions are squarely within normal judicial capacity). Therefore, all the alleged acts were normal judicial functions within the Justices' judicial capacity.

**b. The Justices did not act in the complete absence of all jurisdiction.**

"In determining whether there is a complete absence of jurisdiction in the context of judicial immunity, the scope of the judge's jurisdiction must be construed broadly." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017) (internal quotation marks omitted). "The 'absence of all jurisdiction exception' [to immunity] references situations in which a judge acts purely in a private and non-judicial capacity." *Brown v. United States Postal Inspection Serv.*, 206 F. Supp. 3d 1234, 1249 (S.D. Tex. 2016) (quoting *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979)). "Where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina*, 994 F.2d at 1125 (citation omitted). *See also Bradt v. West*, 892 S.W.2d 56, 67–68 (Tex. App.—Houston [1st Dist.] 1994) (writ denied) (applying the *Malina* standard). "[T]he focus is not on whether the judge's specific act was proper or improper, but on whether the judge had the jurisdiction necessary to perform an act of that kind in the case." *Id.* at 68 (citing *Mireles*). Even when a judge "acted in excess of her authority, she is still protected by judicial immunity." *Ballard*, 413 F.3d at 517 (cleaned up).

Plaintiff argues the Court of Appeals lacked jurisdiction because it ignored his plea to jurisdiction. ECF 8 at 17. He also claims that the 400th District Court originally lacked jurisdiction because defendant (e.g., Deutsche Bank, who was attempting to foreclose on the property) failed to demonstrate standing under the

allegedly improperly recorded note and deed of trust. ECF 18 at 7-10. Plaintiff's convoluted argument, which equates constitutional standing and ownership of a note, appears to challenge the assignment of the mortgage instruments. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 252–53 (5th Cir. 2013) (describing argument conflating constitutional standing requirements with ownership of a note as incoherent but interpreting it as a challenge to assignment of the note).

Even assuming *arguendo* that Plaintiff's interpretations of Texas law are correct, he still fails to demonstrate a complete absence of jurisdiction. *Plaintiff* invoked the Court of Appeals' jurisdiction by filing the notice of appeal. ECF 8 at 9-10; TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from."). Further, even if the Justices erred in their ruling, they maintained jurisdiction to perform the routine judicial acts of which Plaintiff complained. Therefore, the acts were not taken in the absence of all jurisdiction, and Plaintiff's claims against the Justices are barred by judicial immunity.

**B. The Judges' Motion to Dismiss.**

The Judges also filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim. ECF 32. Plaintiff filed a Response (ECF 43), to which the Judges

replied. ECF 46. Plaintiff moved for leave to file a surreply (ECF 55). The Court will consider Plaintiff's Surreply. ECF 54.[5]

As detailed above, Plaintiff brings claims against the Judges under 42 U.S.C. §§ 1983 and 1985, the Texas Constitution, and various state laws. ECF 8 at 15, 35-36. Plaintiff stipulated that either he never pleaded or has abandoned his claims against the Judges in their official capacity. *See* ECF 43 at 8; ECF 54 at 4 (explaining that Plaintiff brings claims against the Judges personally). Therefore, the Court considers the claims against the Judges in their personal capacities.

**1. Plaintiff's claims against the Justices are barred by judicial immunity.**

As explained above, judges generally have absolute immunity from suits for damages, unless the acts in question were nonjudicial or taken in the absence of all jurisdiction. *Davis*, 565 F.3d at 221. The Judges argue that judicial immunity bars all Plaintiff's claims. ECF 32 at 6-11. Plaintiff argues that the Judges acted outside of their judicial authority and in the absence of all jurisdiction. ECF 43 at 6-8.

**a. The conduct was judicial in nature.**

Plaintiff alleges the Judges granted a final judgment to state-court defendants, ignored and denied his objections to various orders, twice failed to enter findings of

---

[5] Courts have discretion to grant or deny a motion for leave to file a surreply. *See supra*, note 4. Plaintiff argues that the Judges' Reply (ECF 46) contained misleading representations, which he seeks to correct via his Surreply (ECF 54). ECF 55. Without making a finding regarding the Reply's content, the Court grants the Motion for Leave in order to consider all briefing and argument on the Judges' Motion to Dismiss.

fact and conclusions of law, entered nunc pro tunc orders, denied evidentiary hearings, and denied motions to compel discovery. ECF 8 at 9-10.

Looking to the *Malina* factors, the Judges' alleged conduct occurred entirely within the course of Plaintiff's state-court litigation. All the conduct—issuing a judgment, entering orders, denying hearings, etc.—was judicial in nature and part of the routine administration of the proceeding. *See Gonzales*, 2021 WL 3639666, at *1; *Davis*, 2024 WL 310215, at *3; *Ramon v. Livingston*, No. A-16-CV-403-LY, 2017 WL 11717531, at *5 (W.D. Tex. Feb. 14, 2017) (finding entry of nunc pro tunc orders is a judicial action and covered by judicial immunity); *Owens-Collins v. Newman*, No. H-20-3623, 2021 WL 2875663, at *3 (S.D. Tex. June 17, 2021) (concluding that decisions, such as entry of findings of fact and conclusions of law, were judicial acts entitling defendant to judicial immunity), *report and recommendation adopted*, No. CV H-20-3623, 2021 WL 2874121 (S.D. Tex. July 7, 2021), *aff'd sub nom. Collins v. Newman*, No. 21-20355, 2021 WL 5751431 (5th Cir. Dec. 2, 2021).

**b. The Judges did act not in the absence of all jurisdiction.**

As explained above, the absence of all jurisdiction is a limited exception covering situations where a judge acts purely in a private or non-judicial capacity. *Brown*, 206 F. Supp. 3d at 1249. Some subject matter jurisdiction is sufficient for immunity purposes. *Malina*, 994 F.2d at 1125; *Bradt*, 892 S.W.2d at 67–68.

Plaintiff argues the 400th District Court lacked jurisdiction in this case, so the Judges acted in the absence of all jurisdiction. ECF 8 at 16-22. As with the Justice Defendants analyzed above, Plaintiff claims the Judges lacked jurisdiction because the state-court defendants lacked standing and the 400th District Court failed to address his plea to jurisdiction. ECF 43 at 5-6.

Again, Plaintiff invoked the jurisdiction of the 400th District Court by filing his action. ECF 8 at 8. Even if the Justices erred in entering certain orders or exceeded their authority, "the challenged actions were [not] obviously taken outside the scope of the [Judges'] power." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995). Therefore, the Judges are entitled to judicial immunity and Plaintiff's claims against them are barred.

**C. Dismissal should be with prejudice and without leave to amend.**

Dismissal with prejudice is appropriate when a plaintiff has had an opportunity to state his best case and still cannot establish a cause of action. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (affirming dismissal with prejudice where plaintiffs had multiple chances to amend their complaint). *See also Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (establishing the best-case rule and noting that a plaintiff is more likely to have pleaded his best case when he is aware of pleading requirements).

Plaintiff has had the chance to amend his complaint, and the Court already disallowed further amendment. ECF 1; ECF 8; ECF 61. Therefore, Plaintiff has pleaded his best case, and his Amended Complaint should be dismissed with prejudice. *See Williams v. X Corp.*, No. 4:25-CV-1084-P, 2026 WL 885208, at *4 n.4 (N.D. Tex. Mar. 16, 2026) (dismissing with prejudice where Court gave plaintiff opportunity to amend prior to considering the motion to dismiss), *report and recommendation adopted*, No. 4:25-CV 01084-P, 2026 WL 885048 (N.D. Tex. Mar. 31, 2026).

Similarly, although leave to amend should be freely given (FED. R. CIV. P. 15(a)(2)), it can also be denied for an appropriate reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further amendment would be futile because of the immunity defense to Plaintiff's claims.

## IV. Conclusion, Order, and Recommendation.

For the reasons stated above, it is

ORDERED that Plaintiff's Motions for Leave to File Surreply (ECF 47; ECF 55) are GRANTED. It is further

ORDERED that Plaintiff's initial Motion for Leave to File Surreply (ECF 48) is TERMINATED as moot.

Further, in accordance with the reasons stated above, the Court RECOMMENDS that the Justices' Motion to Dismiss (ECF 12) be GRANTED and that the Judges' Motion to Dismiss (ECF 32) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 04, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge