United States District Court
Southern District of Texas
**ENTERED**
August 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ALAN HAASE, *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-05063 |
| HON. VERONICA RIVAS-MOLLOY, ET AL., *Defendants*. | § § § § | |

## ORDER

Plaintiff, proceeding pro se, once again returns to this Court seeking relief related to his nearly two-decade long mortgage dispute.[1] ECF 8. Plaintiff originally brought a lawsuit in state court in 2007. *See Haase v. Countrywide Home Loans, Inc.*, No. 07-DCV-161177 (400th Dist. Ct., Fort Bend County, Tex. Dec. 31, 2007). Defendants to the original lawsuit removed the case to this Court, which dismissed the federal claims and remanded the case. *Haase v. Countrywide Home Loans, Inc.*, No. CV H-12-1538, 2012 WL 12871951, at *1 (S.D. Tex. Dec. 5, 2012), *aff'd*, 748 F.3d 624 (5th Cir. 2014), *cert. denied*, 574 U.S. 1049 (2014).

Back in state court, Plaintiff filed a Ninth Amended Petition, which the defendants removed again. This Court dismissed Plaintiff's claims with prejudice

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

as frivolous, but remanded Deutsche Bank's counterclaim for judicial foreclosure to the 400th District Court. *Haase v. Countrywide Home Loans, Inc.*, No. CV H-15-3349, 2016 WL 639232, (S.D. Tex. Jan. 22, 2016), *report and recommendation adopted,* No. CV H-15-3349, 2016 WL 633911 (S.D. Tex. Feb. 17, 2016), *aff'd*, 838 F.3d 665, 666 (5th Cir. 2016).

In response, Plaintiff filed a second lawsuit in state court, which was removed to this Court, against the defendants and attorneys from the original foreclosure action, numerous government actors, and the District and Circuit Judges involved with his previous case.[2] This Court dismissed Plaintiff's claims and warned:

> Plaintiff should now realize that all claims brought in this litigation—or any new claims relating to this lawsuit, the 2007 litigation, or Plaintiffs home equity loan and the consequences of his alleged failure to make full payments under the loan—lack merit, and cannot be brought to this, or any other court, without a clear understanding by Mr. Haase that he is bringing a frivolous claim. Accordingly, the Court cautions Mr. Haase from additional meritless filings.

*Haase v. Bank of Am. Corp.*, No. 4:16-CV-1567, 2017 WL 1240105, at *6 (S.D. Tex. Feb. 8, 2017).

[2] Plaintiff is well-practiced with this tactic. After Plaintiff lost a state-court lawsuit against his car insurer and auto lender related to his vehicle, he filed a lawsuit in federal court against "a Texas district judge, Fort Bend County, an Assistant Fort Bend County Attorney, a Harris County constable, several attorneys, and the defendants in [the] previous suit, alleging violations of 42 U.S.C. § 1983." *Haase v. Elliott*, No. CV H-15-3473, 2016 WL 639292, at *1 (S.D. Tex. Jan. 22, 2016), *report and recommendation adopted,* No. CV H-15-3473, 2016 WL 633913 (S.D. Tex. Feb. 17, 2016). This Court dismissed the case. *Id.*

Back in state court on Deutsche Bank's counterclaim from the original action, the 400th District Court of Texas granted summary judgment in favor of Deutsche Bank and entered various orders allowing judicial foreclosure to proceed against the property. *Haase v. Countrywide Home Loans, Inc.*, No. 07-DCV-161177 (400th Dist. Ct., Fort Bend County, Tex. Nov. 8, 2021). Plaintiff appealed, but the First Court of Appeals affirmed the judgment. *Haase v. Deutsche Bank Nat'l Tr. Co.*, No. 01-20-00854-CV, 2023 WL 5535663 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023). Plaintiff unsuccessfully sought review in both the Texas and U.S. Supreme Courts. *Haase v. Deutsche Bank Nat'l Tr. Co.*, No. 23-1001, slip op. (Tex. May 10, 2024); *Haase v. Deutsche Bank Nat'l Tr. Co.*, 145 S. Ct. 2754, *reh'g denied,* 146 S. Ct. 60 (2025).

Undeterred by this Court's explicit warning and the decisions of state and federal courts at every level, Plaintiff brought yet another action against the actors related to the original foreclosure dispute as well as the Texas judges and justices involved in the state-court proceedings. ECF 8. The Magistrate Judge has recommended these claims be dismissed. ECF 63; ECF 64.

In order to prevent Plaintiff from further abusing the judicial process and siphoning off finite court resources to address his frivolous claims, the Court considers imposing a permanent pre-filing injunction. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from

conduct which impairs their ability to carry out Article III functions." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). This power includes the ability "to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum*, 513 F.3d at 187. The Court may exercise this power sua sponte if it provides Plaintiff notice and a hearing. *Id.* at 189. It is therefore

ORDERED that Plaintiff appear in person on August 26, 2026, at 11:30 AM in Courtroom 701 and show cause why the Court should not impose a pre-filing injunction due to his history of meritless litigation connected to his foreclosure and related judicial proceedings.

Signed on August 06, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge