United States District Court
Southern District of Texas
**ENTERED**
August 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RICHARD ALAN HAASE, Plaintiff, | § | CIVIL ACTION NUMBER 4:25-cv-05063 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| HON. VERONICA RIVAS-MOLLOY, *et al*, Defendants. | § | |
| | § | |
| | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Richard Alan Haase proceeds here *pro se*. He sued Defendants Bank of America, Deutsche Bank National Trust Company, and Morgan Stanley ABS Capital I, Inc for civil conspiracy regarding mortgaged property in Fort Bend County. Dkt 8 at ¶¶7–10, 13. He states that the Defendant banks have violated his civil rights by, among other things, having their summary judgment motion granted, in prior state court actions. See id at ¶¶135–142. He also brings claims against Justices Veronica Rivas-Malloy, Richard Hightower, April Farris, and Judges Maggie Jaramillo-Perez, and Tameika Carter for violations of due process. Id at ¶¶2–6, 13, 95–191. And he states that the Defendant judges and justices have engaged in a conspiracy to violate the United States Constitution, the Texas Constitution, and Texas statutes. See ibid.

The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 4. Pending are motions by Defendants to dismiss the amended complaint. See Dkts 12, 16, 40 & 44. Also pending are various motions by Plaintiff to file surreply. Dkts 47, 48, 55 & 57.

Judge Bryan recommends that the motions to dismiss be granted, with all claims being dismissed with prejudice. Dkts 63 at 13 & 64 at 15. This includes recommendation that the claims against Certificate Holders of Morgan Stanley Trust be dismissed *sua sponte* for lack of jurisdiction. Dkt 63 at 13. She also ordered that Plaintiff was given leave to file surreplies. Dkts 63 at 14 & 64 at 16.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

None of the parties filed objections. No clear error otherwise appears upon review and consideration of the very thorough Memoranda and Recommendations, the record, and the applicable law.

The Memoranda and Recommendations of the Magistrate Judge are ADOPTED as the Memorandum and Order of this Court. Dkts 63 & 64.

The motions to dismiss by Defendant banks are GRANTED. Dkts 16, 40 & 44.

The motion to dismiss by Defendant justices and judges is GRANTED. Dkt 12.

The claims against Certificate Holders of the Morgan Stanley Trust are also dismissed *sua sponte*.

All claims are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on August 25, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge