United States District Court
Southern District of Texas
**ENTERED**
October 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ALAN HAASE, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-05063 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| HON. VERONICA RIVAS- | § | |
| MOLLOY, *et al*, | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDA AND RECOMMENDATIONS

Plaintiff Richard Haase proceeds here *pro se*. His motion for reconsideration is denied. Dkt 84.

1. Background

On August 4, 2026, Magistrate Judge Christina Bryan filed Memoranda and Recommendations recommending dismissal of all of Plaintiff's claims with prejudice. Dkts 63 & 64. This included claims against (i) Bank of America, Deutsche Bank National Trust Company, and Morgan Stanley ABS Capital I, Inc for civil conspiracy regarding mortgaged property, and (ii) Justices Veronica Rivas-Malloy, Richard Hightower, April Farris, and Judges Maggie Jaramillo-Perez, and Tameika Carter for violations of due process. These groups are referred to here respectively as *the Defendant Banks* and *the Defendant Justices and Judges*.

On August 25, 2026, the undersigned adopted the Memoranda and Recommendations of the Magistrate Judge as the Memoranda and Order of the Court. Dkt 70. No objections were at that time pending, and the time to make such filing had expired.

On August 26, 2026, Plaintiff filed objections to the recommendation at Dkt 63. Dkt 71.

On August 31, 2026, Plaintiff filed a notice of appeal seeking appellate review of the adoption order. Dkt 74.

On September 2, 2026, Plaintiff filed a motion for extension of time to file objections, which asserted that Dkt 64 "was not delivered to Plaintiff until August 20, 2026." Dkt 80 at 1.

On September 9, 2026, the motion to extend time was denied as moot because the adoption order had already been entered. Dkt 83, citing Dkt 70.

On September 11, 2026, Plaintiff filed objections to Dkt 64, including a request for reconsideration. Dkt 84; see id at 14 (requesting reconsideration to prevent "manifest injustice"). The certificate of service indicates that this filing "was served August 27, 2026, by First Class Mail." Id at 15.

2. Jurisdiction

The request within the most recent objections, at Dkt 84, is construed as a motion for reconsideration of the order adopting the Memoranda and Recommendations of the Magistrate Judge pursuant to Federal Rule of Civil Procedure 59(e). See *Mangieri v Clifton,* 29 F3d 1012, 1015 n 5 (5th Cir 1994).

Jurisdiction exists to resolve the pending motion for reconsideration under Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure. It provides that a timely filed motion to the district court under Rule 59(e) renders a notice of appeal ineffective until an order is entered disposing of the motion. That is the situation here when construing the procedural posture most favorably to the Plaintiff.

3. Reconsideration

Altering or amending a judgment under Rule 59(e) is appropriate only when (i) there has been an intervening change in controlling law, (ii) the party seeking relief presents new, previously unavailable evidence, or (iii) relief is necessary to correct a manifest error of law or

fact. *Demahy v Schwarz Pharma, Inc*, 702 F3d 177, 182 (5th Cir 2012). A motion to alter or amend is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v HydroChem Inc*, 367 F3d 473, 478–79 (5th Cir 2004), citing *Simon v United States*, 891 F2d 1154, 1159 (5th Cir 1990).

Plaintiff contends that "there has been a clear error of law and fact." Dkt 84 at 14. He further argues that failure to reconsider would result in "manifest injustice." Ibid, citing *Schiller v Physicians Resource Group, Inc*, 342 F3d 563, 567 (5th Cir 2003).

Plaintiff filed two sets of objections. See Dkts 71 & 84. Construed in a light most favorable to Plaintiff with mailing and receipt dates in mind, both sets are now deemed timely. As such, they have been reviewed entirely *de novo*. No reconsideration is warranted to the original disposition because the objections are here found to lack merit.

Judge Bryan originally recommended that the pending motions to dismiss should be granted, with all claims against the Defendants Banks and Defendant Justices and Judges being dismissed with prejudice. Dkts 63 at 13 & 64 at 15. This included recommendation that the claims against Certificate Holders of Morgan Stanley Trust be dismissed *sua sponte* for lack of jurisdiction. Dkt 63 at 13.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff objects that the Magistrate Judge erroneously applied *Rooker–Feldman* abstention and improperly resolved factual disputes. Dkt 71 at 7–11. He argues that his claims against Defendant Banks shouldn't be dismissed even if the state-court litigation does overlap with the present controversy. Id at 11. He also contends that the Magistrate Judge erred by applying judicial immunity too broadly and thus erred in finding his claims futile. Dkt 84 at 7–12. He argues that, while judicial immunity may limit relief recoverable from the Defendant Justices and Judges, it wouldn't prevent Plaintiff from pleading a viable conspiracy claim. Id at 11–12. He also contends that the Magistrate Judge erred by creating a "prejudicial false narrative." Dkts 71 at 12–14 & 84 at 12–14.

Upon *de novo* review and determination, the objections lack merit. The Magistrate Judge thoroughly and thoughtfully considered and rejected these arguments in the Memoranda and Recommendations. Dkts 63 & 64.

The Magistrate Judge correctly surveyed a vast procedural history spanning two decades and found that relitigating state-court judgments implicates the *Rooker–Feldman* doctrine. Dkt 63 at 2–11. As such, consistent with the instruction of the Fifth Circuit in *Liedtke v State Bar of Texas,* she appropriately concluded that the current litigation is "inextricably intertwined" with review of a state-court judgment. Id at 7–8, quoting 18 F3d 315, 318 (5th Cir 1994).

She also correctly interpreted the breadth of judicial immunity as applied in this context. Dkt 64 at 9–11. Consistent with the Fifth Circuit's decision in *Ballard v Wall*, she rightly concluded that all of Plaintiff's claims against the Defendant Justices and Judges were taken in their judicial capacity. Dkt 64 at 9–10, quoting 413 F3d 510, 515 (5th Cir 2005).

4. Conclusion

On *de novo* review and determination, the objections by Plaintiff Richard Alan Haase to the Memoranda and

Recommendations of the Magistrate Judge are OVERRULED. Dkts 71 & 84.

No clear error otherwise appears upon review and consideration of the very thorough Memoranda and Recommendations, the record, and the applicable law.

The motion by Richard Haase for reconsideration of the adoption order is DENIED. Dkt 84.

For the avoidance of doubt, the prior rulings are now reiterated here and pertain. See Dkt 70.

The Memoranda and Recommendations of the Magistrate Judge are ADOPTED as the Memorandum and Order of this Court. Dkts 63 & 64.

The motions to dismiss by the Defendant Banks are GRANTED. Dkts 16, 40 & 44.

The motions to dismiss by the Defendant Justices and Judges are GRANTED. Dkts 12 & 32.

The claims against Certificate Holders of the Morgan Stanley Trust are also dismissed *sua sponte*.

All claims are DISMISSED WITH PREJUDICE.

A final judgment will enter upon conclusion of other matters that remain pending. See Dkt 89.

SO ORDERED.

Signed on October 9, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge